## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:22-cv-00058-SEP |
| ) | |
| LABOR AND INDUSTRIAL ) | |
| RELATIONS COMMISSION, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff Jessie Samuel Rufus Benford for leave to commence this civil action without prepayment of the required filing fee. Doc. 2. That motion is granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons set forth below, this action is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  However, even pro se complaints are required to "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); s*ee also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel."  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## BACKGROUND

Plaintiff is a self-represented litigant who filed an employment discrimination case against Schneider National Carriers, Inc. on March 21, 2019, accusing it of violating Title VII of the Civil Rights Act of 1964 (Title VII).  *Benford v. Schneider National Carriers, Inc.*, 4:19-cv-550-MTS (E.D. Mo.).  Specifically, he alleged that his supervisor, Jack Filina, discriminated against him on the basis of his religion.  On July 19, 2021, the Court granted Schneider National Carriers' motion for summary judgment.  The United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment on January 10, 2022.  *Benford v. Schneider National Carriers, Inc.*, No. 21-2717 (8th Cir. 2022).

Apparently in response to the opinion by the Court of Appeals, Plaintiff filed three new lawsuits on January 13, 2022, all of them based on the same general set of facts—i.e., the circumstances of his departure from Schneider National Carriers.

First, Plaintiff sued the United States Court of Appeals for the Eighth Circuit, alleging that it had discriminated against him and slandered him in its ruling. *Benford v. Missouri Court of Appeals Eastern District*, No. 4:22-cv-52-JCH (E.D. Mo. Jan. 13, 2022).  In particular, he objected to the statement that he had "quit [his] job," even though Schneider National Carriers and Jack Filina "admitted to terminating him" in this Court on June 18, 2019.  On January 19, 2022, the Court dismissed Plaintiff's complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), for frivolousness and failure to state a claim.  The Court observed that the Court of Appeals was protected from suit by sovereign immunity.  Plaintiff did not file an appeal.

2

Second, Plaintiff accused the Missouri Department of Employment Security of "falsely" ruling "in favor of Jack Filina, although Jack Filina confessed to terminating" him. *Benford v. Missouri Division of Employment Security*, No. 4:22-cv-56-SRW (E.D. Mo. Jan. 13, 2022). On January 19, 2022, that case was also dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). In its order, the Court noted that the Missouri Department of Employment Security was not a "person" for purposes of 42 U.S.C. § 1983, and that sovereign immunity barred Plaintiff's claim against a state agency. Plaintiff did not file an appeal.

This case is the third of the three lawsuits filed by Plaintiff.

### THE COMPLAINT

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983[1] and Title VII, naming the Labor and Industrial Relations Commission (Commission) as the sole defendant. Doc. 1 at 2-3. The Commission is part of the Missouri Department of Labor. Doc. 1 at 2. Plaintiff accuses the Commission of violating the First Amendment and Title VII due to a refusal to "uphold Missouri state and federal laws regarding slander and discrimination." Doc. 1 at 4.

In his "Statement of Claim," Plaintiff asserts that on February 21, 2019, he "was slandered and discriminated against" by the Commission when it "falsely modified [his] Missouri Division of Employment Claim" to indicate that he "quit [his] job from Schneider National on" November 21, 2018. Doc. 1 at 5. Plaintiff claims that he was terminated—he did not quit—and that both Schneider National Carriers and Jack Filina "confessed" to this in a motion to dismiss they filed in this Court on June 18, 2019.

As a result of this incident, Plaintiff claims that he suffered severe emotional and financial distress. He is seeking $500,000 in compensatory damages, as well as $5 million in punitive damages.

### DISCUSSION

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 and Title VII, alleging that the Commission slandered and discriminated against him. Because he is proceeding *in forma pauperis*, the Court has reviewed his case under 28 U.S.C.

---

[1] Plaintiff does not expressly cite 42 U.S.C. § 1983 in his jurisdictional statement, but because he seeks monetary damages for a violation of his constitutional rights, the Court construes his First Amendment claim as a § 1983 action. *See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails").

3

§ 1915. Based on that review, for the reasons set forth below, the Court dismisses this action without prejudice.

### A.  42 U.S.C. § 1983 Claim

Plaintiff alleges that the Commission violated his rights under the First Amendment, which the Court construes as a claim under 42 U.S.C. § 1983. The claim fails for three reasons.

#### i.  A state is not a "person" for purposes of 42 U.S.C. § 1983.

First, 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ( "a state is not a person for purposes of a claim for money damages under § 1983").

The Commission is part of the Missouri Department of Labor. A claim against a state department is the same as a claim against the state itself. *Walpole v. University of Ark.*, 2007 WL 4365544, at *2 (E.D. Ark. Dec. 10, 2007). But a state is not a "person" under 42 U.S.C. § 1983 in a suit for money damages, which is what Plaintiff is seeking. Therefore, Plaintiff's § 1983 claim against the Commission fails.

#### ii.  Sovereign immunity also bars Plaintiff's claim.

Second, Plaintiff's claim against the Commission is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (district court erred in allowing plaintiff to proceed against state university for injunctive relief).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. Such waiver must be "stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception applies in this case.

The first exception is inapplicable because 42 U.S.C. § 1983—under which Plaintiff's First Amendment claim arises—does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600.

The Commission is part of the Missouri Department of Labor. As an arm or instrumentality of the state itself, it is protected from suit by the Eleventh Amendment. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). That protection applies to any type of relief, be it monetary or injunctive. Because neither exception to sovereign immunity is applicable to Plaintiff's 42 U.S.C. § 1983 claim, it must be dismissed.

### iii.     Plaintiff fails to state a claim under 42 U.S.C. § 1983.

Plaintiff's vague and conclusory "Statement of Claim" is insufficient to state a plausible claim for relief. To state a plausible claim for relief, a plaintiff must "offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018). The Court is "free to ignore legal conclusions, unsupported

conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

In this case, as in his prior actions, Plaintiff simply asserts that he was "slandered and discriminated against," without providing any factual support for those claims. Such conclusory allegations are not sufficient to state a claim. Thus, for that reason as well, Plaintiff's 42 U.S.C. § 1983 claim must be dismissed.

### B. Title VII Claim

To the extent that Plaintiff brings this action pursuant to Title VII, the claim must also be dismissed. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

Plaintiff's complaint alleges no workplace discrimination of any kind. Even if it had, Plaintiff does not allege that the Commission was his employer; he plainly states that he was employed by Schneider National Carriers, an entity that he has already sued unsuccessfully. It appears that Plaintiff is still seeking relief for his termination by repackaging old claims and bringing them against different defendants. Whatever his rationale, Plaintiff has not stated a plausible claim that the Commission violated Title VII. Therefore, his Title VII claim fails.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. 3. The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

6

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of August, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE